IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KENDELL GARCIA, on behalf of self and all others
similarly situated,

                      Plaintiffs,

-against-

BAY RIDGE VOLVO-AMERICAN, and
BAY RIDGE HONDA, INC.,

                      Defendants.
----------------------------------------------------------------X

Docket No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Kendell Garcia (hereinafter "Plaintiff"), individually and on behalf of all current and former similarly situated employees, who were hired and worked for Defendants as a sales representative, by and through their undersigned counsel, hereby makes the following allegations against Bay Ridge Honda and Bay Ridge Volvo-American (hereinafter "Defendants") concerning their acts upon actual knowledge, investigation of their counsel and concerning all other matters, upon information belief.

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C.A §§ 201, *et seq.* ("FLSA") and New York Labor Law, Article 19 §§ 650 *et. seq.* ("NYLL").

2. This Complaint seeks to recover appropriate wages, including the minimum wage and overtime compensation under the federal and state law for Plaintiff and his similarly situated co-workers, who have been employed by Defendants as sales representatives or in similar positions, however variously titled.

3. Defendants, Bay Ridge Honda, Inc. and its parent company Bay Ridge Volvo-American, are involved in interstate commerce through the sales of automobiles.

4. Defendants employ salespeople such as Plaintiff and others similarly situated at its branch locations to perform a variety of sales, customer service, and operational duties.

1

## JURISDICTION

5. Jurisdiction of this court arises under 28 U.S.C.A §§ 1331 and 1337.

6. In addition, the Court has jurisdiction over Plaintiff's claims under FLSA pursuant to 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. The state law claims are so closely related that they form part of the same case or controversy under Article III of the Constitution. See 28 U.S.C. § 1367(a).

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 221 and 2202.

## VENUE

10. Venue is proper under 28 U.S.C.A § 1391 since Defendants do business in, and accordingly reside in this district, and because a substantial part of the acts or omissions giving rise to the claims therein occurred within this district.

## PARTIES

11. Plaintiff, Kendell Garcia, is and was, at all relevant times, a resident of Kings County, New York.

12. Plaintiff, the Putative Collective (hereinafter, the "Collective"), are all employees of Defendants, who worked or are working as sales representatives for the three-year period preceding the date of the filing of the instant Complaint.

13. Plaintiff, the Putative Class (hereinafter, the "Class"), are all employees of Defendants, who worked or are working as sales representatives for the six-year period preceding the date of the filing of the instant Complaint.

14. Defendant, Bay Ridge Volvo-American, at all relevant times, was and is a New York State Corporation with a principal place of business at 8801 4th Avenue, Brooklyn, New York.

15. Defendant, Bay Ridge Honda, at all relevant times herein, was and is a New York State Corporation with a principal place of business at 8801 4th Avenue, Brooklyn, New York.

## STATEMENT OF FACTS

16. Defendants operate a car dealership in the Bay Ridge section of Brooklyn and share a physical business location.

17. Defendant Bay Ridge Volvo-American is the parent company of Defendant Bay Ridge Honda.

18. Arthur Gotlieb and Vanessa Gong are the chief executive officers for Bay Ridge Volvo-American.

19. Mr. Gotlieb is also the president of Bay Ridge Honda.

20. Plaintiff, Kendell Garcia, was hired on June 29, 2018 to work at the Bay Ridge dealership location.

21. From June 29, 2018 to January 11, 2019, Plaintiff was employed as a non-exempt sales representative by Defendants.

22. Defendants paid Plaintiff and, upon information and belief, all sales representatives $150 base pay plus commission for each week worked.

23. All work assigned to Plaintiff, the Collective and the Class was assigned by Defendants or its agents.

24. Plaintiff's primary work duties included presenting car options to customers, negotiating sales, processing sales forms and associated paperwork, preparing vehicles for delivery, and

3

retrieving or delivering vehicles to various locations. In addition, Plaintiff was required to make marketing sales calls to potential customers and follow up on "leads" and customer inquiries.

25. Throughout his tenure at Defendants' dealership, Plaintiff was assigned a mandatory six-day weekly work schedule, with little variation.

26. He worked Monday through Friday from either 9:00 A.M. to 7:00 P.M. or 11 A.M. to 9:00 P.M. and on Saturday from 8:00 A.M. to 6:00 P.M. In addition, Plaintiff occasionally worked on Sunday from 11 A.M. to 4:00 P.M.

27. Plaintiff was not allowed to provide any input in the assigned work schedule nor was he permitted to make changes.

28. Upon information and belief, the Collective and Class were assigned to work substantially similar schedules.

29. During most of the relevant times, New York City's minimum wage was set to $13 per hour, which entitled Plaintiff to $520 per week for 40 hours of work, and the federal minimum wage was set to $7.25 per hour, which entitled Plaintiff to $290 for 40 hours of work.

30. Plaintiff was paid well below both the federal and state minimum wage requirement.

31. For example, for the workweek ending July 4, 2018, Plaintiff worked Monday – Friday, from 9:00 A.M. to 7:00 P.M. and on Saturday, from 11:00 A.M. to 9:00 P.M., totaling 55.5 hours of work time (60 hours minus 4.5 hours for lunch) but received renumeration of $150 gross pay for the week, with no commission. For this week, Plaintiff made $2.70 per hour.

32. For the weeks that Plaintiff worked and received a commission, there are many weeks that he still did not make the minimum wage.

33. For example, the workweek ending July 25, 2018, Plaintiff worked Monday – Friday, from 9:00 A.M. to 7:00 P.M. and on Saturday, from 11:00 A.M. to 9:00 P.M., totaling 55.5 hours of

work time (60 hours minus 4.5 hours for lunch) but received $348.34 gross pay ($150 base plus $198.34 commission) which equates to $6.28 per hour.

34. For the workweek ending November 14, 2018, Plaintiff worked Monday – Friday, from 9:00 A.M. to 7:00 P.M. and on Saturday, from 11:00 A.M. to 9:00 P.M., totaling 55.5 hours of work time but received gross pay of $386.25 ($150 base pay plus $236.25 commission) which equates $6.96 per hour.

35. In addition to the minimum wage, Plaintiff was entitled to overtime pay in the amount of time plus one half of the rate of pay for hours worked in excess of 40 hours. Thus, Plaintiff was entitled to receive $19.50 per hour under state law and $10.88 per hour under federal law for overtime.

36. Plaintiff never received compensation for overtime worked for the above weeks or for any other week time.

37. For example, for the week ending August 15, 2018, Plaintiff worked Monday – Friday, from 9:00 A.M. to 7:00 P.M. and on Saturday, from 11:00 A.M. to 9:00 P.M., totaling 55.5 hours of work but received $359.53 ($150 base pay plus $209.53 commission). He was not compensated for overtime.

38. For the week ending August 31, 2018, Plaintiff worked Monday – Friday, from 9:00 A.M. to 7:00 P.M. and on Saturday, from 11:00 A.M. to 9:00 P.M., totaling 55.5 hours of work but received $584.93 ($150 base pay plus $434.93). He was not compensated for overtime.

39. For both weeks, Plaintiff was entitled to at least $822.25 under state law and $458.64 under federal law for minimum wage and overtime.

40. Plaintiff also never received any breaks apart from his daily 45-minute lunch break.

41. On January 11, 2019, Plaintiff resigned from his position as a sales representative.

42. On February 27, 2019, Plaintiff made a request for his unpaid wages to Vanessa Gong.

43. Defendants never responded to Plaintiff's request for unpaid wages.

44. Thereafter, this lawsuit ensued.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff sues on behalf of himself and all other similarly situated sales representatives currently or formerly employed by Defendants (the "Collective").

46. Plaintiff is an appropriate representative of this collective action under 29 U.S.C. § 216(b).

47. Specifically, Plaintiff and Collective are and have been similarly situated:

   a. Plaintiff and the Collective were hired and assigned to work for Defendants and had substantially similar job requirements and pay provisions;

   b. Plaintiff and the Collective were subject to Defendants decisions, plans, common policies, programs, practices, procedures, protocols, and routines;

   c. Plaintiff and the Collective were all classified as non-exempt employees;

   d. Plaintiff and the Collective, by definition, were all hourly paid employees;

   e. Plaintiff and the Collective, by definition, all worked in excess of 40 hours per week and were subject to Defendants routinely requiring them to work weekly hours in excess of forty but failing to pay them minimum or overtime compensation at time and one-half their regular rate for all overtime hours worked;

   f. The precise number of the Collective Members should be readily available from Defendants personnel, scheduling, time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

g.  Defendants unlawful conduct has been repetitive and consistent.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this present claim pursuant to Federal Rules of Civil Procedure ("FRCP") 23 on behalf of the New York Plaintiffs and a class of persons consisting of all persons who have worked for Defendants as a sales representative (or in comparable roles with different titles) in the State of New York.

49. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action. Plaintiff seeks to represent a class composed of and defined as follows:

   a. All persons employed as non-traveling sales representatives at any time from six years prior to the date of filing this claim.

50. Members of the class defined in the paragraph above are referred to as "Class Members".

51. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

52. This action has been brought and may properly be maintained as a class action under the provisions of FRCP Rule 23(a), (b). In its regular course of business, Defendants should maintain the names and identity, addresses, the dates of employment and the rates of pay for each member of the Class; hours assigned and worked; and the wages paid to the Class. Thus, this information is easily ascertainable from the records of Defendants.

### A. Numerosity

53. The Class Members as defined are so numerous that joinder of all the Class Members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes, and based on the same alleges, that Bay Ridge Honda, Inc. and

Bay Ridge Volvo-American currently employs and throughout the liability period employed hundreds of employees in New York, who are or have been affected by the various policies alleged herein. Accounting for employee turnover throughout the liability period necessarily increases this number substantially.

### B.  Commonality

54. There are questions of law and fact common to the members of the Plaintiff Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   i. Whether Defendants failed to keep true and accurate time records for all hours worked by the nonexempt sales representatives;

   ii. What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   iii. Whether Defendants failed and/or refused to pay the nonexempt sales representatives for all hours worked in violation of the NYLL Article 6 § 190 *et seq.*;

   iv. Whether Defendants failed and/or refused to pay the nonexempt sales representatives overtime pay for hours worked in excess of 40 hours per week within the meaning of NYLL, Article 19 §§ 650 Regulations and 12 N.Y.C.R.R. Part 142;

   v. Whether Defendants have had a policy for failing to pay nonexempt sales representatives for time they worked;

   vi. Whether Defendants policy for failing to pay nonexempt sales representatives was instituted willfully or with reckless disregard of the law;

   vii. Whether Defendants failed to compensate nonexempt sales representatives for all work Defendants required and/or suffered or permitted them to perform; and

viii. Whether Defendants correctly calculated and compensated the Plaintiff and all other nonexempt sales representatives for hours worked in excess of 40 per workweek.

### C. Typicality

55. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Plaintiff and all Class Members have sustained injuries and damages arising out of and caused by Defendants, Bay Ridge Honda, Inc. and Bay Ridge Volvo American. All Class members were subject to the same corporate practices and policies of Defendants, as alleged herein, of willfully failing and refusing to properly pay Plaintiff Class the required minimum wage and overtime wage, and by the common course of conduct of Defendants in violation of laws and regulations that have the force and effect of law and statutes, as alleged.

### D. Adequacy of Representation

56. The named Plaintiff will fairly and adequately represent and protect the interests of members of the Plaintiff Class. Plaintiff has the same common interests as those of members of the Class and have retained well qualified attorneys to represent him and the class. Each of the counsel for Plaintiff is competent and experienced in litigating large employment actions and will devote adequate staff and resources to representation of the interests of the Class.

### E. Superiority of Class Action

57. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable and questions of law and fact common to the members of the Plaintiff Class predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of the uniform illegal policies of Defendants.

58. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the senior management of this action that would preclude its maintenance as a class action.

## COMMON FACTUAL ALLEGATIONS

59. Plaintiff and members of the Class worked for Defendants as employees.

60. Upon information and belief, Plaintiff and those similarly situated worked more than 40 hours during most work weeks they worked for Defendants.

61. Defendants failed to pay Plaintiff and those similarly situated the required minimum wage and overtime wages.

62. Throughout the relevant period, it has been Defendants policy and pattern to coerce Plaintiff and those similarly situated to work in excess of 40 hours per week without paying them minimum wage or overtime wages.

63. All of the work that Plaintiff and the Class performed has been assigned by Defendants or Defendants have been made aware of all the work that Plaintiff and the Class have performed.

64. Upon information and belief, pursuant to a company-wide policy, pattern or practice that was established, authorized, promulgated, and/or ratified by its corporate headquarters, Defendants misclassified all of the sales representatives as exempt from protections pursuant to FLSA, NYLL and applicable state law.

65. Defendants did not perform a person-by-person analysis of every sales representatives' job duties in making its decision to classify all of its employees as exempt.

66. Plaintiff and all members of the Class performed the same primary job duties of selling automobiles.

67. As part of regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating NYLL with respect to Plaintiff and the Class.

## FIRST CLAIM

### (Fair Labor Standards Act: Minimum Wage and Unpaid Overtime Wages On Behalf of Plaintiff and the Collective)

68. Plaintiff repeats and re-alleges all preceding paragraphs as fully set forth herein.

69. Throughout the liability period, Defendants, Bay Ridge Honda and Bay Ridge Volvo-American were Plaintiff and the Collective's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and were actively engaged in the conduct described herein.

70. At all relevant times, Plaintiff and the Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and or the production and selling of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

72. Defendants required Plaintiff and the Collective to handle and move automobiles, and other supplies and equipment that originated out-of-state to be sold and/or moved through interstate commerce.

73. Defendants grossed at least $500,000 in all relevant years alleged herein.

74. Defendants employ and have employed more than 10 employees in all relevant years alleged herein.

75. The minimum and overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

76. Defendants failed to pay Plaintiff and the Collective minimum and overtime wages to which they are entitled to under the FLSA.

77. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitation applies pursuant to 29 U.S.C. § 255.

78. As a result of the willful violations of Defendants, Plaintiff and the Collective have suffered damages by being denied minimum and overtime wages in accordance with 29 U.S.C. §§ 201 et seq, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM

### (NYLL: Appropriate Wages, Minimum Wage and Unpaid Overtime On behalf of the New York Plaintiff and Class)

79. Plaintiff repeats and re-alleges all preceding paragraphs as fully set forth herein.

80. Defendants are employers of Plaintiff and the Class as defined by 29 U.S.C. § 203(d) and by the NYLL § 190(3).

81. At all relevant times, the Plaintiff and those belonging to the Class have been employees of Defendants within the meaning of the NYLL § 190(2).

82. Defendants failed to pay the Plaintiff and the Class the minimum and overtime wages to which they are entitled under NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the Regulations in 12 N.Y.C.R.R. Part 142.

83. Defendants have also violated NYLL § 191 by not paying Plaintiff and the Class wages for which they are contractually entitled.

84. Defendants have also violated NYLL § 193 by applying overtime deductions to Plaintiff and the Class.

85. Defendants violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

86. Plaintiff and the Class are entitled to recover their unpaid wages pursuant to minimum wage standards, overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**WHEREFORE**, Plaintiff on behalf of himself and on behalf of all other similarly situated, requests the entry of a judgment in favor of Plaintiff, the Collective and the members of the Plaintiff Class against Defendants, on all claims for relief including the following:

(a) Certification of the claims in this action as a collective action and a class action;

(b) Requiring Defendants to file with the Court and to provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as hourly paid sales representatives during the applicable statute of limitations period, but who were not paid a minimum wage or overtime premium for all the time worked in excess of 40 hours per week;

(c) At the earliest possible time, authorizing Plaintiff's counsel to issue a notice of this collective action, or the Court issue such notice, to all persons who are members of the collective class. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(d) Designating the named Plaintiff, Kendell Garcia, as class representative, and counsel of record as Class Counsel;

(e) Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under appropriate law;

(f) Finding that Defendants willfully violated the applicable minimum wage and overtime provisions of the FLSA and NYLL by failing to pay all required appropriate wages to Plaintiff, the Collective and Class Members;

(g) Awarding recovery for unpaid wages, including, as applicable, minimum and overtime wages pursuant to 29 U.S.C. §§ 201 *et seq* and the supporting United States Department of Labor regulations;

(h) Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective and Class Members;

(i) Awarding liquidated damages to the Plaintiff, the Collective and Class Members;

(j) Issuing appropriate equitable and injunctive relief, including but not limited to, an order enjoining Defendants from violating the foregoing laws and regulations in the future;

(k) Awarding all costs and reasonable attorney fees incurred during the pendency of this suit;

(l) Awarding any further relief as this Court deems just and equitable.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Tuesday, July 14, 2020
Brooklyn, New York 11242

Respectfully Submitted,

Nnenna Onua
MCKINLEY ONUA & ASSOCIATES, PLLC
26 Court Street, Suite 300
Brooklyn, NY 11242
(718) 522-0236
nonua@mckineyonua.com

*Counsel for Plaintiff and the putative Collective and Class*