

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

**Taimur Alamgir**
*talamgir@kdvlaw.com*

August 8, 2021

**<u>VIA ECF</u>**
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**  ***Kendell Garcia v. Bay Ridge Volvo-American, Inc., et al.***
       **E.D.N.Y. Case No. 1:20-CV-3128 (LDH) (TAM)**

Your Honor:

   In further support of the parties' joint motion for settlement approval (ECF No. 24), please find enclosed a fully executed copy of the Settlement Agreement. For the reasons set forth in the aforesaid approval motion, the parties respectfully request that the Court approve of the settlement.

         Respectfully Submitted,
         **KAUFMAN DOLOWICH & VOLUCK, LLP**

     By: _____
        Taimur Alamgir

cc:  All Counsel (*via* ECF)

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Kendell Garcia (the "Plaintiff") on the one hand, and Defendant Bay Ridge Volvo-American, Inc. ("Defendant," and together with Plaintiff, the "Parties") on the other hand.

**WHEREAS**, Plaintiff commenced an action against Defendant in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 20-CV-3128 (LDH) (PK) (the "Action") by filing a Complaint on July 14, 2020 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, on March 8, 2021, Defendant moved for a pre-motion conference in anticipation of a motion to dismiss Plaintiff's Complaint in its entirety;

**WHEREAS**, pursuant to Court order dated January 25, 2021, the Parties initiated settlement discussions in early April 2021, in advance of an April 8, 2021 deadline to submit a status report to United States Magistrate Judge Peggy Kuo;

**WHEREAS**, settlement discussions between the Parties ultimately were fruitful, and culminated in an in-principle settlement that was reported to the Court on May 6, 2021, prior to the the pre-motion conference on Defendant's proposed motion to dismiss;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendant's defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.     In consideration of the payment to Plaintiff collectively by Defendant of the gross sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"), Kendell Garcia hereby releases and forever discharges Bay-Ridge Volvo American, Inc. and its current and former owners, managers, supervisors, directors, administrators, officers, employees, shareholders, accountants, attorneys, insurers and insurance carriers, reinsurers, and agents, and their respective heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by Defendant, anyone deemed by Plaintiff to be an "employer" during his employment with Defendant, and Defendant's predecessors, successors, parent companies, holding companies, and subsidiaries, as well as Bay Ridge Honda, Inc. (all said individuals and entities referenced above are hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for any claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, and/or statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions).  This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action.

2.      The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the joint motion for approval of the Agreement within seven (7) days after the following conditions are met: (a) Defendant's counsel receives a duly executed Agreement signed and notarized by Plaintiff; (b) Defendant's counsel receives a completed IRS Form W-9 for Plaintiff; (c) Defendant's  counsel receives a completed IRS Form W-9 for Plaintiff's counsel; and (d) Defendant's counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3.      The Parties agree that the Settlement Amount shall be paid as follows: within thirty (30) days after the date at which the Court So Orders a Stipulation of Dismissal with Prejudice, Defendant shall collectively pay the Settlement Amount by issuing:

  i.   One (1) check payable to "Kendell Garcia" in the gross amount of six thousand, six hundred and sixty-six dollars and sixty-seven cents ($6,666.67), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

 ii.   One (1) check payable to "Kendell Garcia" in the gross amount of six thousand, six hundred and sixty-six dollars and sixty-seven cents ($6,666.67), representing payment for Plaintiff's alleged non-economic damages, including, but not limited to liquidated damages; and

 iii.  One (1) check payable to "Law Office of David Wims" in the gross amount of six thousand, six hundred and sixty-six dollars and sixty-six cents ($6,666.66), representing payment of Plaintiff's attorneys' fees and costs.

4.      Defendant may issue an IRS tax Form W-2 to Plaintiff for the portion of the Settlement Amount that represents alleged unpaid wages and may issue an IRS tax Form 1099 to Plaintiff and to Plaintiff's counsels for their respective portions of the remainder of the Settlement

Amount.  Plaintiff agrees to hold Defendant harmless, and indemnify Defendant from any payments Defendant may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

5.      Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and/or local agencies/administrative bodies or any judicial forum against any of the Releasees.  Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledges no valid basis for filing such a claim.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

6.      Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement.  Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

4

7.      Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

8.      The Parties agree that, in an action arising from any alleged breach of the Agreement, in addition to any remedies available to the prevailing party in law or equity for a breach thereof, the prevailing party shall be entitled to receive from the breaching party reasonable attorney's fees and costs.

9.      Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare or Medicaid has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

10.      Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with Releasees.  Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare or Medicaid beneficiary, Plaintiff agrees to defend Releasees, indemnify Releasees, and hold Releasees harmless in full.

11.     The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

12.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13.     Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest they possess in his purported claims.  Plaintiff further acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff. In addition, to the extent any other person or entity seeks any damages and/or asserts any claims against any of the Releasees as a result of any contract entered into between Plaintiff and any of the Releasees, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

14.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

15.     This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

16.     The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

17.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

18.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

19.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendant, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiff, David C. Wims, Esq., Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, NY 11233, (646) 393-9550, facsimile (646) 393-9552, dwims@wimslaw.com.

20.     Plaintiff affirms that no court has issued any order requiring the Settlement Amount to remain in escrow, and that Defendant is not in contravention of any judicial order issued in any matrimonial or other legal proceeding by complying with any term of the Agreement, including, but not limited to delivery of the amounts set forth at Paragraph 3 (i-iii) herein to Plaintiff or to Plaintiff's counsel.  Plaintiff agrees to hold Defendant and counsel for Defendant harmless, and to indemnify Defendant and counsel for Defendant from any liability, expenses or legal fees arising out of, or in connection with Plaintiff's divorce proceeding.

21.     Even if the Settlement Amount is placed in escrow as a consequence of Plaintiff's divorce proceeding, Plaintiff's counsel is entitled to timely payment of the portion of the Settlement Amount under Paragraph 3(iii) representing attorneys' fees and costs, absent an order of any court prohibiting release of such portion of the Settlement Amount to Plaintiff's counsel.

**IN WITNESS WHEREOF**, Plaintiff and Defendant have duly executed this Settlement

and Release Agreement freely and voluntarily.

_____

KENDELL GARCIA

ID: 197812200034

No.9, Anglican Street

~~STATE OF NEW YORK~~      )

Arima, Trinidad           )s.s.

~~COUNTY OF~~ West Indies  )

On 3rd, August, 2021, before me personally came Kendell Garcia, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

_____

BAY RIDGE VOLVO-AMERICAN, INC.

By:

Title:

STATE OF NEW YORK         )

                          )s.s.

COUNTY OF  KINGS          )

On  AUG 4th  , 2021, before me personally came  ROBERT SABBAGH  who acknowledged himself to be  PRESIDENT  of Bay Ridge Volvo-American, Inc., and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Bay Ridge Volvo-American, Inc.

_____

NOTARY PUBLIC

NICOLO DiMARIA
Notary Public, State of New York
No. 01DI4854739
Qualified in Kings County
My Commission Expires March 24, 2022

9